IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02438-EWN-CBS

DANIEL L. ROSALES,
    Plaintiff,
v.

JOE ORTIZ, *et al.*,
    Defendants.

ORDER

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Mr. Rosales' "Motion for Appointment of Counsel" (filed January 29, 2008) (doc. # 56); and (2) Mr. Rosales' ". . . Motion to Incorporate Pursuant to F.R.C.P. Rule 10(C) and His Motion to Strike Paragraph 3 of the Rule 60(B) Motion . . . ." (filed January 29, 2008) (doc. # 58). Pursuant to the Order of Reference dated April 24, 2007 (doc. # 17) and the memorandum dated January 30, 2008 (doc. # 59), these matters were referred to the Magistrate Judge. The court has reviewed the Motions and the entire case file and is sufficiently advised in the premises.

1.    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case").

1

However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Rosales' request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Rosales is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Rosales has thus far adequately presented his claims unaided by counsel. Mr. Rosales has filed his Objections

to the pending Recommendation of United States Magistrate Judge on Defendants' Motion to Dismiss. (*See* docs. # 49, # 52, and # 57). Mr. Rosales' concerns about "the discovery process," "cross-examination of witnesses," and "prepar[ing] for trial" are premature at this stage of the litigation. The court is within its discretion in declining to request counsel to represent Mr. Rosales.

2. Mr. Rosales "moves this court to incorporate the following documents into his objections to magistrate judge recommendation and his amended Civil Rights Complaint, pursuant to F.R.C.P. 19(c) . . . ," listing docs. # 14, # 23, # 35, # 43, # 44, # 49, and # 52. (*See* doc. # 58 at p. 1 of 19). As those documents are already included in the court record, Mr. Rosales' request to "incorporate" them is unnecessary and moot.

3. Mr. Rosales "moves this court to Amend the Parties section of the Amended Doc. 14 to include the following statement after the word . . . Official capacities to include individual capacities. Additionally the plaintiff moves to Amend ¶¶ 25-28 to include the statement official capacities " (*See* doc. # 58 at p. 1 of 19). As the court has already recognized that Mr. Rosales is suing the Defendants in both their official and individual capacities (*see* doc. # 49 at p. 5 of 28), Mr. Rosales' requested amendment is unnecessary and moot.

4. Mr. Rosales further asks "to Strike Paragraph 3 of the Rule 60(B) Motion . . . ." (*See* doc. # 58 at p. 1 of 19). On November 29, 2007, Mr. Rosales filed his "Motion for Relief

3

from Judgment Rule 60 [sic]" (doc. # 52) (docketed by the Clerk of the Court as "Objection to Report and Recommendations by Plaintiff Daniel L. Rosales"). Paragraph 3 of Mr. Rosales' "Rule 60(B) Motion" states"[t]he Plaintiff hereby ABANDONS all Claims EXCEPT CLAIM # 2, 1st Amendment Violation for confiscating Adult Magazines, and Violation of FREEDOM OF SPEECH." The court will accept Mr. Rosales' withdrawal of paragraph 3 from his "Motion for Relief from Judgment Rule 60 [sic]" (doc. # 52).

Accordingly, IT IS ORDERED that:

1. Mr. Rosales' "Motion for Appointment of Counsel" (filed January 29, 2008) (doc. # 56) is DENIED.

2. Mr. Rosales' ". . . Motion to Incorporate Pursuant to F.R.C.P. Rule 10(C) and His Motion to Strike Paragraph 3 of the Rule 60(B) Motion . . . ." (filed January 29, 2008) (doc. # 58) is GRANTED IN PART AND DENIED IN PART:

a. Mr. Rosales' request to "incorporate" docs. # 14, # 23, # 35, # 43, # 44, # 49, and # 52 "into his objections to magistrate judge recommendation and his amended Civil Rights Complaint" is DENIED as unnecessary and moot.

b. Mr. Rosales' request to "Amend the Parties section of the Amended Doc. 14" and "to Amend ¶¶ 25-28 to include the statement official capacities" is DENIED as unnecessary and moot.

c. Mr. Rosales' request "to Strike Paragraph 3 of the Rule 60(B) Motion . . ." Is GRANTED. Paragraph 3 of doc. # 52, stating "[t]he Plaintiff hereby ABANDONS all Claims EXCEPT CLAIM # 2, 1st Amendment Violation for confiscating Adult Magazines,

4

and Violation of FREEDOM OF SPEECH" is hereby STRICKEN as withdrawn by Mr. Rosales.

Dated at Denver, Colorado this 30th day of January, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge