IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–2438–EWN–CBS

DANIEL L. ROSALES,

    Plaintiff,

v.

JOE ORTIZ, Director of D.O.C.,
WARDEN LARRY REID, Centennial Correctional Facility (CCF),
CASE MANAGER WATKINS (CCF),
CASE MANAGER LINDSEY (CCF),
ANTHONY DECESARO, DOC Grievance Officer,
SERGENT MORRIS (CCF),
SERGENT WARING (CCF),
SERGENT WILSON (CCF),
C/O CHASE (CCF),
C/O PAUL (CCF),
C/O CORDOVA (CCF),
C/O LANGONI (CCF),
C/O KEIL (CCF),
C/O PRICE (CCF),
C/O ARGUELLO (CCF),

    Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

    This matter, a civil rights case brought by a prisoner in the custody of the Colorado Department of Corrections ("DOC"), is before the court on the "Recommendation of United

States Magistrate Judge" (#49). The magistrate judge has reviewed the prisoner's four[1] claims and recommends that they all be dismissed. Plaintiff has objected to the recommendation.

*Standard of Review*

   1. *Review of a Magistrate Judge's Submission*

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. For dispositive matters (such as a motion to dismiss), a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the report . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

   2. *Review of Motion to Dismiss*

Although Defendants do not articulate which subdivision of Fed. R. Civ. P. 12 is the basis of their motions, the court agrees with the magistrate judge that the gravamen of their various arguments seems to be that Plaintiff has failed to state any claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim

---

[1] The first and fourth claims both allege that Defendants have violated the Eighth Amendment to the United States Constitution by depriving the prisoner of adequate exercise. The two claims appear to be duplicative and redundant. Accordingly, the court will treat three claims as having been asserted.

for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2008). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Prior to the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), dismissal of a complaint was appropriate only when it appeared the plaintiff could prove no set of facts in support of the claims that would entitle him to relief. *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). In *Bell Atlantic*, the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

*Evaluation of Recommendation and Objections*

    *1. Defendants Ortiz and DeCesaro*

Although the magistrate judge recommends dismissal as to all Defendants, two Defendants were discussed separately because there exist additional grounds supporting their dismissal which do not apply to the others. The first such Defendant is Joe Ortiz, director of the DOC. The magistrate judge correctly cited established law that an individual state actor's liability under 42 U.S.C. § 1983 can only arise from that individual's *personal* participation in the alleged

constitutional wrong. A supervisory official cannot be held liable for a subordinate's wrong on any theory of *respondeat superior*. The lack of any allegation that Ortiz personally participated in the alleged wrongs has led the magistrate judge to suggest that this alone would be a sufficient basis for the dismissal of Ortiz.

In objecting to this recommendation, Plaintiff spins an elaborate but ultimately futile web. Referring to a "chain of command" claim, Plaintiff declares that Ortiz signed off on regulations, rules, and, indeed, the Code of Penal Discipline itself. He avers that Ortiz transformed Plaintiff's erstwhile facility from a level four prison to a level five prison, contrary to Colorado statute. Plaintiff adds a bare-bones incantation that Ortiz did not adequately supervise the subordinates. He concludes that all of this somehow is an "affirmative link" between Ortiz and the alleged wrongs. The court fails to see any connection whatsoever. Despite all the verbiage, it is clear that Ortiz did not participate in any of the alleged wrongdoing and that, as use of the term "chain of command" suggests, Plaintiff is seeking to hold Ortiz vicariously liable for the wrongdoing. Ortiz is entitled to dismissal on this ground alone, in addition to the grounds supporting dismissal of the other Defendants.

Defendant Anthony DeCesaro is the other Defendant as to whom there is a unique ground for dismissal. DeCesaro was the prison grievance officer who handled Plaintiff's grievances and made recommendations as to their disposition. He has acknowledged that, because of the volume of grievances and lack of staff, Plaintiff's grievances were not always decided within time limits established by prison regulations. For this he stands accused of violating Plaintiff's due process rights and of being responsible for the wrongs underlying the grievances.

Plaintiff's claims against DeCesaro must fail, for two reasons. First, there is no allegation or other suggestion that DeCesaro singled out Plaintiff's grievances for delay or has done anything in Plaintiff's eighteen cases except make recommendations to the DOC concerning their disposition. There is no allegation that he has refused to act on the grievances, only that he has not acted within time frames established by the regulations. Plaintiff cites no authority to hold him responsible for systemic delays over which he has no authority, and the court is aware of none.

The claim against DeCesaro must also fail for a second reason. There is no allegation that DeCesaro himself participated in the alleged wrongs which were the subject of Plaintiff's various grievances. Even a delayed adjudication of those grievances cannot be said to supply an "affirmative link" between DeCesaro and the underlying conduct. If it did, then every grievance officer recommending adverse action on a grievance would be open to a claim that the recommendation somehow makes the grievance officer responsible for the underlying conduct. The court regards such a result as absurd.

*2. Remaining Claims Against Other Defendants.*

*a. Equal Protection Claim.* Notwithstanding bare allegations that he was treated differently from other similarly situated inmates, there is no coherent presentation in the objections to support the allegations. There is no merit whatsoever to the equal protection claim here.

*b. Claim Based on Confiscation of Adult Reading Materials.* Plaintiff alleges that this claim arises under the First Amendment, the Fourteenth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection Clause. The magistrate judge addressed each

provision separately. This court's review discloses a fatal flaw in the claim, whichever theory is used to support it. The claim is barred by the applicable two-year statute of limitations, *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993), and there are no circumstances which would toll the limitations period here.

In his objections, Plaintiff seems to reiterate his claim that the statute should be tolled due to his inability to file grievances — although he adds an incoherent reference to a previous court complaint which was evidently dismissed for failure to exhaust administrative remedies. The magistrate judge, however, convincingly demonstrates, with specific citations to Plaintiff's second amended complaint, that the alleged denial of grievance forms occurred *before* the alleged confiscation of the adult magazines. Plaintiff has not rebutted this persuasive marshaling of the facts, and the court is satisfied that his claim concerning adult reading materials — the second claim — is barred by the statute of limitations.

*3. Remaining Claims*. Plaintiff's remaining claims allege (1) deprivation of sufficient exercise, in violation of the eighth amendment (2) confiscation of personal property and maintenance of inadequate conditions in his prison cell, and (3) being removed from the general prison population for fourteen months. I have conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, I have concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The motions to dismiss (##23, 35) are GRANTED.

3. All claims are dismissed with prejudice.

DATED this 27th day of March, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge